---o---

DON McGREGOR, Respondent, *vs.* WILLIAM LEIGHTON, Appellant.

1. *Justices' courts—Appeal—Notice—Appearance.*—Where an appeal is taken from a justice of the peace on a day subsequent to that of the judgment, the appellant will not be excused for failure to notify the appellee by reason of irregular entries made by the clerk at the return term of the Circuit Court, when no appearance is entered by the appellee, and no record entry is made to that effect.

2. *Judgment—Appeal—Error of counsel.*—A judgment cannot be reversed because an attorney in reading the word " defendant " in the minutes, mistakenly understood it to be intended for " plaintiff."

*Appeal from Adair Circuit Court.*

*Harrington & Cover*, for Appellant.

*Griggs & Risdon*, for Respondent.

LEWIS, Judge, delivered the opinion of the court.

Plaintiff obtained judgment before a justice of the peace, from which, on a day subsequent to that of the trial, defend-

ant took an appeal to the Circuit Court. No notice of the appeal was ever given. At the return term, the cause was continued by the Circuit Court, and at the next term, plaintiff obtained, on motion, an affirmance of the judgment, for failure to prosecute the appeal.

The case differs in nothing from those in which this court has so often held that a judgment rendered under such circumstances must be affirmed, except as to the following facts which the appellant insists, should effect a different result. It is stated in the bill of exceptions that when the plaintiff's motion for affirmance was under consideration, the defendant offered to prove that on the last day of the next preceding term, " the court permitted the clerk to take the trial docket to a side room, while the court was trying another case, and call the return docket, and this case among the rest; and that the order of record was made at that time, and that the attorneys of defendant understood that the order so made was an order entering the appearance of the appellee, and that the attorneys of the defendant were misled by said order, supposing it was an order, entering the appearance of the plaintiff. And also offered to show that defendant did not authorize the clerk to make an order entering the appearance of defendant, as he was appellant, and no order was required, and that for reasons stated, there was no notice given." This testimony was excluded by the court. The entry referred to as made by the clerk is in the following words: " Now defendant enters his appearance, and the court continues this cause."

We can perceive no error in these proceedings. Much as we may be struck by the singularity of the court's delegating its functions to the clerk—if such were the fact—to be by him exercised in a place where the court itself was not visibly present, we yet fail to discover how the proof of such circumstances could clear up the charge of laches against the defendant. If the clerk made a wrong entry, he might just as naturally have made it under the eye of the court. And if the entry was a nullity, as the defendant seems to main-

tain, it could not make his case any better. The defendant did not offer to show that the plaintiff in fact appeared, or that he authorized an entry to that effect. Nothing but such a fact, or such an entry could excuse the defendant's failure to give the notice before the following term. And if the plaintiff did not appear, and the clerk's entry did not say that he had done so, we cannot grasp the process by which these omissions convinced the defendant that the affirmative was true of either proposition. The entry said that the defendant appeared. The defendant's attorney read this, and proceeded to risk their case on the assumption that it meant the plaintiff, and not the defendant. The intellectual subtleties which evolve such conclusions, lie too deep for judicial cognizance.

It would be a disastrous precedent to reverse a judgment because an attorney had failed to read with sufficient care the record entries in his case, or had mistaken the meaning of words in every day use. The judgment must be affirmed; the other judges concur.